UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X  For Online Publication Only
MIGUEL QUINN

**ORDER**

                             Plaintiff,        21-CV-01847 (JMA) (AYS)

    -against-

MOUNTAIN RUN SOLUTIONS, LLC.

                            Defendant.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

Before the Court is Plaintiff Miguel Quinn ("Plaintiff"), motion for default judgment against Defendant Mountain Run Solutions, LLC ("Defendant"), to recover $1,000.00 in statutory damages together with attorneys' costs and fees. For the reasons stated herein, plaintiff's motion is GRANTED and plaintiff is awarded a default judgment against the defendant in the amount of $4,731.00.

## I. DISCUSSION

### A. Defendant Defaulted

The defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the

allegations in the complaint are sufficient to establish defendant's liability under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., ("FDCPA").

## C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

Plaintiff requests statutory damages in the amount of $1,000, which is the maximum amount a court may award for a single violation of the FDCPA.  See 15 U.S.C. § 1692k(a)(2)(A). "Awarding the statutory maximum under the FDCPA is appropriate in cases where the acts of the debt collector were particularly egregious." Gonzalez v. Healthcare Recovery Mgmt. Inc., No. 13-CV-1002, 2013 WL 4851709, at *2 (E.D.N.Y. Sept. 10, 2013) (quoting Dunn v. Advanced Credit Recovery Inc., No. 11–CV–4023, 2012 WL 676350, at *3 (S.D.N.Y. Mar. 1, 2012)).  "However, a lesser award is 'appropriate where there is no repeated pattern of intentional abuse or where the violation was technical.'" Id. (citation omitted).

Here, the alleged conduct is not sufficiently egregious to warrant statutory damages in the amount of $1,000.  Accordingly, I award plaintiff $250.00 in statutory damages.

**D. Attorneys' Fees and Costs**

In his motion, plaintiff requests attorneys' fees and costs in the amount of $6,742.00. (See McCabe Decl. at 24, ECF No. 12.) The FDCPA gives the Court discretion to award reasonable attorneys' fees as well as court costs. See 15 U.S.C. § 1692k(a)(3); Cordero v. Collection Co., No. 10-CV-5960, 2012 WL 1118210, at *3 (E.D.N.Y. Apr. 3, 2012). A plaintiff seeking to recover attorneys' fees "bears the burden of proving the reasonableness and necessity of hours spent and rates charged." Bennett v. Asset Recovery Sols., LLC, No. 14-CV-4433, 2017 WL 432892, at *6 (E.D.N.Y. Jan. 5, 2017) report and recommendation adopted, 2017 WL 421920 (E.D.N.Y. Jan. 31, 2017). In support of a request for attorneys' fees, the party seeking fees must provide "contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." Sheet Metal Workers' Nat. Pension Fund v. Skye Sheet Metal, Inc., No. CV-08-1315, 2010 WL 3119783, at *9 (E.D.N.Y. June 22, 2010) (citation omitted), report and recommendation adopted, 2010 WL 3119441 (E.D.N.Y. Aug. 5, 2010).

Here, plaintiff requests an award of attorney's fees and costs in the amount of $6,742.00, which represents the efforts of two attorneys, Kara S. McCabe ("McCabe") and Jonathan M. Cader ("Cader"), billing a total of 18.2 hours. According to the McCabe Declaration, McCabe bills at a rate of $250 per hour and Cader at a rate of $450 per hour, but an adjudgment has been made for .2 hours of activities deemed administrative, for which they only billed $100 per hour. "Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals." Dagostino v. Computer Credit, Inc., 238 F. Supp. 3d 404, 412 (E.D.N.Y. 2017) (quoting D'Annunzio v. Ayken, Inc., No. 11-CV-3303, 2015 WL 5308094, at *4 (E.D.N.Y. Sept. 10, 2015).

Both Ms. McCabe and Mr. Cader are lawyers, whose practice has focused on, in part, claims brought under the FDCPA. However, the Court concludes that their respective rates – $250 and $450 – are an unreasonable hourly rate for a case such as this one. Instead, the Court finds that an hourly rate of $150 for the non-administrative work of Ms. McCabe and $350 for Ms. McCabe. The Court finds the $100 per hour billed for administrative work is appropriate.

Having reviewed plaintiff's bill for costs associated with this litigation as well as the McCabe Declaration, the Court determines the $461.00 to be reasonable out-of-pocket expenses. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) ("[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.") (citation omitted).

Accordingly, plaintiff is awarded attorneys' fees for 18.2 hours of work at a rate of $350.00 per hour for Mr. Cader and $150 for Ms. McCabe, 11.5 hours of work at a rate of $150.00 per hour, 6.5 hours of work at a rate of $350.00 per hours, as well as .2 hours at a rate of $100 per hour, for a total attorneys' fee award of $4,020.00. Additionally, plaintiff is awarded $461.00 in reasonable out-of-pocket expenses.

## II.  CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment against the defendant as follows:  Defendant Mountain Run Solutions, LLC is liable to Plaintiff Miguel Quinn for $250.00 in statutory damages and $4,481.00 in attorneys' fees and costs, for a total award of $4,731.00.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: January 24, 2022
       Central Islip, New York

                                        _____/s/    (JMA)_____

4

JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE